# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA PECK, on behalf of herself and others similarly situated | ) ) ) | CASE NO.: |
| Plaintiff, | ) ) ) | JUDGE |
| v. | ) ) ) | |
| FORTUNE BRANDS WATER INNOVATIONS LLC, | ) ) ) | **COLLECTIVE ACTION COMPLAINT** |
| Defendant. | ) ) | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Barbara Peck ("Representative Plaintiff") brings this Complaint against Defendant Fortune Brands Water Innovations LLC ("Defendant") and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b). Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. is attached as **Exhibit "A."**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district and division a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Ohio who was employed by Defendant within the last three years.

6. Defendant is a Limited Liability Company organized under the laws of the state of Delaware. Defendant can be served through its Statutory Agent, Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221.

7. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant employed Representative Plaintiff and others similarly situated as hourly, non-exempt customer service employees.

12. At all relevant times, Representative Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

13. At all relevant times, Defendant had a policy that required Representative Plaintiff and other similarly situated employees to be ready to take customer calls at the exact start time of their scheduled shift.

14. However, before they could take customer calls, Defendant's processes required Representative Plaintiff and other similarly situated employees to boot up and log into Defendant's computer system, numerous software applications, and phone system. Booting up and logging into these systems required entering unique passwords for the programs, and waiting for the applications to load and execute before they could be used.

15. Because Representative Plaintiff and other similarly situated employees had to be ready to work at the exact start time of their shift, they had to perform all these tasks prior to the start of their shift. This required Representative Plaintiff and those similarly situated to begin working approximately 15 minutes before their shift started every day. Defendant did not compensate Representative Plaintiff and the other similarly situated employees for the time they spent performing these tasks prior to the start of their respective shifts.

16. In addition to time spent on phone calls, Defendant required Representative Plaintiff and other similarly situated employees to complete certain administrative tasks. For example, after completing orders, Defendant required its customer service employees to review orders for accuracy and to follow up on placed orders to ensure that they were successfully processed through Defendant's system.

17. Despite requiring these tasks, Defendant maintained strict standards for "call time," which required that Representative Plaintiff and other similarly situated employees be actively on customer calls the overwhelming majority of time they were on the clock.

Defendant's "call time" requirements did not provide sufficient time to complete required follow-up tasks while employees were on the clock. Consequently, Representative Plaintiff and other similarly situated employees were forced to complete these tasks while off the clock, and were not compensated for this time.

18. Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

19. The unpaid work described above performed by Representative Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

20. There was no practical administrative difficulty of recording the above-referenced unpaid work by Representative Plaintiff and other similarly situated employees, and Defendant could have precisely recorded the time for payroll purposes.

21. The above-referenced unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Representative Plaintiff and other similarly situated employees.

23. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees for the above-referenced unpaid work.

24. As a result of Representative Plaintiff and other similarly situated employees not being paid for all hours worked, Representative Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

26. Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Representative Plaintiff and other similarly situated employees each day.

## COLLECTIVE ACTION ALLEGATIONS

27. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective Class"). The FLSA Collective Class is defined as:

> All current and former hourly, non-exempt customer service employees employed by Defendant at any time in the three years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek and in the same workweek were required to boot up their computer prior to taking customer service calls, and/or who were required to adhere to "were required to who had to boot up their computer, log in to software programs, or review emails prior to the start of their shift, but were not paid for this time.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized

notice informing them of the pendency of this action and giving them the opportunity to "opt in."

32. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

32. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

34. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

35. As non-exempt employees, Representative Plaintiff and the FLSA Collective Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

36. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Class Members for all hours worked in excess of forty (40) in a workweek.

37. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Class Members overtime compensation.

38. By engaging in that practice, Defendant willfully violated the FLSA and

regulations thereunder that have the force and effect of law.

39. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Class Members;

C. Award compensatory damages to Representative Plaintiff, the FLSA Collective Class Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the FLSA Collective Class Members pre-judgment and post-judgment interest at the statutory rate; and

E. Award Representative Plaintiff and the FLSA Collective Class Members their costs and attorney's fees incurred in prosecuting this action.

F.  Award Representative Plaintiff and the FLSA Collective Class Members any further relief to which they are entitled that the Court deems equitable and just.

Respectfully submitted,

Christopher J. Lalak (0090079)
**LALAK LLC**
1991 Crocker Road
Suite 600
Westlake, OH 44145
Telephone 440.892.3380
Email:    clalak@employmentlawohio.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Christopher J. Lalak

*Counsel for Plaintiff*