IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA PECK, on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MOEN INCORPORATED,<br><br>  Defendant. | Case No. 1:22-cv-02123<br><br>Judge David A Ruiz<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant Moen Incorporated[1] ("Defendant") states as follows for its Answer and Affirmative Defenses to Plaintiff's Collective Action Complaint:

**INTRODUCTION**

**COMPLAINT ¶1:**

This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

**ANSWER:** Defendant admits that Plaintiff purports to assert a claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, on a collective basis but denies the remaining allegations in Complaint Paragraph 1.

**COMPLAINT ¶2:**

Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case

---

[1] Plaintiff originally named "Fortune Brands Water Innovations, LLC" as the Defendant in this matter. Moen Incorporated, the entity that previously employed Plaintiff, was substituted as the correct Defendant and Fortune Brand Water Innovations was dismissed without prejudice by stipulation on January 25, 2023. ECF No. 8, 9. The Clerk corrected the docket and the caption to reflect Moen Incorporated as the Defendant. ECF No. 9.

on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b). Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. is attached as **Exhibit "A."**

**ANSWER:** Defendant admits that Plaintiff purports to assert a claim pursuant to the FLSA, on a collective basis and that her consent to join is attached as Exhibit A, but denies the remaining allegations in Complaint Paragraph 2.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claims pursuant to the statutes cited, but denies the remaining allegations in Complaint Paragraph 3.

**COMPLAINT ¶4:**

Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant conducts business in this district and division a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

**ANSWER:** Defendant admits venue is proper in this District, that Plaintiff was employed by Defendant to perform work in this District, and that Defendant has conducted business within this District, but denies the remaining allegations in Complaint Paragraph 4.

## PARTIES

**COMPLAINT ¶5:**

Representative Plaintiff is a resident of Ohio who was employed by Defendant within the last three years.

**ANSWER:**

Defendant admits that it employed Plaintiff within the last three years. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is a resident of Ohio. Defendant denies the remaining allegations in Complaint Paragraph 5.

**COMPLAINT ¶6:**

Defendant is a Limited Liability Company organized under the laws of the state of Delaware. Defendant can be served through its Statutory Agent, Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, OH 43221.

**ANSWER:** Defendant admits that it is corporation organized under the laws of the state of Delaware and can be served through its statutory agent The Prentice-Hall Corporation System, Inc., 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221. Defendant denies the remaining allegations in Complaint Paragraph 6.

**COMPLAINT ¶7:**

At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Defendant admits that it employed Plaintiff and other individuals but denies the remaining allegations in Complaint Paragraph 7.

**COMPLAINT ¶8:**

At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 8.

**COMPLAINT ¶9:**

At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**ANSWER:**  Defendant admits the allegations in Complaint Paragraph 9.

**COMPLAINT ¶10:**

At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**ANSWER:**  Defendant admits that during Plaintiff's employment with Defendant, Defendant employed two or more employees who handled goods, materials, and supplies that travelled in interstate commerce within the meaning of the FLSA.  Defendant denies the remaining allegations in Complaint Paragraph 10.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶11:**

At all relevant times, Defendant employed Representative Plaintiff and others similarly situated as hourly, non-exempt customer service employees.

**ANSWER:**

Defendant admits that it employed Plaintiff.  Defendant denies the remaining allegations in Complaint Paragraph 11.

**COMPLAINT ¶12:**

At all relevant times, Representative Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 12.

**COMPLAINT ¶13:**

At all relevant times, Defendant had a policy that required Representative Plaintiff and other similarly situated employees to be ready to take customer calls at the exact start time of their scheduled shift.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 13.

**COMPLAINT ¶14:**

However, before they could take customer calls, Defendant's processes required Representative Plaintiff and other similarly situated employees to boot up and log into

Defendant's computer system, numerous software applications, and phone system. Booting up and logging into these systems required entering unique passwords for the programs, and waiting for the applications to load and execute before they could be used.

**ANSWER:** Defendant admits that before Plaintiff took customer calls, she had to boot up her computer and/or log into computer applications, but denies the remaining allegations in Complaint Paragraph 14.

**COMPLAINT ¶15:**

Because Representative Plaintiff and other similarly situated employees had to be ready to work at the exact start time of their shift, they had to perform all these tasks prior to the start of their shift. This required Representative Plaintiff and those similarly situated to begin working approximately 15 minutes before their shift started every day. Defendant did not compensate Representative Plaintiff and the other similarly situated employees for the time they spent performing these tasks prior to the start of their respective shifts.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 15.

**COMPLAINT ¶16:**

In addition to time spent on phone calls, Defendant required Representative Plaintiff and other similarly situated employees to complete certain administrative tasks. For example, after completing orders, Defendant required its customer service employees to review orders for accuracy and to follow up on placed orders to ensure that they were successfully processed through Defendant's system.

**ANSWER:** Defendant admits that it required Plaintiff to perform certain tasks, but denies the remaining allegations in Complaint Paragraph 16.

**COMPLAINT ¶17:**

Despite requiring these tasks, Defendant maintained strict standards for "call time," which required that Representative Plaintiff and other similarly situated employees be actively on customer calls the overwhelming majority of time they were on the clock. Defendant's "call time" requirements did not provide sufficient time to complete required follow-up tasks while employees were on the clock. Consequently, Representative Plaintiff and other similarly situated employees were forced to complete these tasks while off the clock, and were not compensated for this time.

5

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 17.

**COMPLAINT ¶18:**

Plaintiff and other similarly-situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 18.

**COMPLAINT ¶19:**

The unpaid work described above performed by Representative Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 19.

**COMPLAINT ¶20:**

There was no practical administrative difficulty of recording the above-referenced unpaid work by Representative Plaintiff and other similarly situated employees, and Defendant could have precisely recorded the time for payroll purposes.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 20.

**COMPLAINT ¶21:**

The above-referenced unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 21.

**COMPLAINT ¶22:**

Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Representative Plaintiff and other similarly situated employees.

**ANSWER:** Defendant denies the allegations in Complaint Paragraph 22.

**COMPLAINT ¶23:**

Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees for the above-referenced unpaid work.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 23.

**COMPLAINT ¶24:**

As a result of Representative Plaintiff and other similarly situated employees not being paid for all hours worked, Representative Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 24.

**COMPLAINT ¶25:**

Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 25.

**COMPLAINT ¶26:**

Upon information and belief, Defendant failed to make, keep and preserve records of the unpaid work performed by Representative Plaintiff and other similarly situated employees each day.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 26.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶27:**

Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:** Defendant incorporates its answers to the allegations of Plaintiff's Complaint as though fully set forth herein.

**COMPLAINT ¶28:**

Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective Class"). The FLSA Collective Class is defined as:

> All current and former hourly, non-exempt customer service employees employed by Defendant at any time in the three years preceding the date of the filing of this Action to the present, who worked 40 or more hours in any workweek and in the same workweek were required to boot up their computer prior to taking customer service calls, and/or who were required to adhere to

> "were required to who had to boot up their computer, log in to software programs, or review emails prior to the start of their shift, but were not paid for this time.

**ANSWER:**  Defendant admits that Plaintiff purports to assert a claim pursuant to the FLSA on a collective basis but denies the remaining allegations in Complaint Paragraph 28.

**COMPLAINT ¶29:**

Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 29.

**COMPLAINT ¶30:**

Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 30.

**COMPLAINT ¶31:**

The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

**ANSWER:**  Defendant denies the allegations in Complaint Paragraph 31.

## COUNT ONE
**(FLSA Overtime Violations)**

**COMPLAINT ¶32:**

Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

8

**ANSWER:** Defendant incorporates its answers to the allegations of Plaintiff's Complaint as though fully set forth herein.

**COMPLAINT ¶33:**

Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

**ANSWER:** Defendant admits that Plaintiff purports to assert a claim pursuant to the FLSA, on a collective basis and that her consent to join is attached as Exhibit A, but denies the remaining allegations in Complaint Paragraph 33.

**COMPLAINT ¶34:**

The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant admits the allegations in Complaint Paragraph 34.

**COMPLAINT ¶35:**

As non-exempt employees, Representative Plaintiff and the FLSA Collective Class members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

**ANSWER:** Defendant admits that it paid overtime to its non-exempt employees and otherwise compensated its non-exempt employees for all hours worked pursuant to the FLSA. Defendant denies the remaining allegations in Complaint Paragraph 35.

**COMPLAINT ¶36:**

Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Class Members for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegation in Complaint Paragraph 36.

**COMPLAINT ¶37:**

At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Class Members overtime compensation.

**ANSWER:**  Defendant denies the allegation in Complaint Paragraph 37.

**COMPLAINT ¶38:**

By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

**ANSWER:**  Defendant denies the allegation in Complaint Paragraph 38.

**COMPLAINT ¶39:**

As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court ... shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

**ANSWER:**  Defendant denies the allegation in Complaint Paragraph 39.

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

A.      Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.      Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Class Members;

C.      Award compensatory damages to Representative Plaintiff, the FLSA Collective Class Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D.      Award Representative Plaintiff and the FLSA Collective Class Members pre-judgment and post-judgment interest at the statutory rate; and

E.      Award Representative Plaintiff and the FLSA Collective Class Members their costs and attorney's fees incurred in prosecuting this action.

F.      Award Representative Plaintiff and the FLSA Collective Class Members any further relief to which they are entitled that the Court deems equitable and just.

90620044v.8

**ANSWER:**  Defendant denies the allegations in Plaintiff's Prayer for Relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

**ANSWER:**

Defendant admits that Plaintiff demands a trial by jury.

All allegations of the Complaint not otherwise answered above are denied.

## AFFIRMATIVE DEFENSES

1. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices and was in good faith compliance with the FLSA with respect to Plaintiff and/or potential collective action members.

2. Plaintiff's claims and those of potential collective action members are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims and those of potential collective action members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of the litigation.

90620044v.8

DATED:  January 30, 2023.             Respectfully submitted,

                                                       MOEN INCORPORATED

                                                       By:/s/ *Christina Jaremus*
                                                           Christina Jaremus

Brian J. Kelly (0063679)
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: (216) 515-1620
bkelly@frantzward.com

Noah A. Finkel (admitted *pro hac vice*)
Christina Jaremus (admitted *pro hac vice* )
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone: (312) 460-5000
nfinkel@seyfarth.com
cjaremus@seyfarth.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The foregoing was filed electronically on January 30, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties to this action.

                                                           /s/ *Christina Jaremus*
                                                           *Attorney for Defendant*