**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BARBARA PECK, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No. 1:22-cv-02123 |
| v. | Judge David A. Ruiz |
| MOEN INCORPORATED, | |
| Defendant. | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

Plaintiff Barbara Peck, on behalf of herself and others similarly situated ("Representative Plaintiff") and Defendant Moen Incorporated ("Defendant") (collectively (the "Parties")) respectfully request that the Court grant the Parties' Joint Motion for Approval of Settlement and Dismissal and state as follows:

1. On November 22, 2022, Representative Plaintiff brought a collective action against Defendant individually and on behalf of allegedly similarly situated individuals alleging that certain violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*, occurred. (ECF No. 1). On October 23, 2023, the Parties stipulated to the issuance of a collective action notice, which the Court approved, and Plaintiff thereafter sent notice to individuals who met the stipulated collective definition. (ECF No. 20, 21).

2. Representative Plaintiff, through counsel, engaged a third-party administrator to issue the approved notice to 319 identified potential Opt-Ins in accordance with the Court's Order. Including Representative Plaintiff, a total of 33 eligible current or former employees of Defendant

agreed to opt in to the litigation as party plaintiffs before the close of the notice period (the "Opt-Ins"). (ECF No. 1, 5, 22 – 29).

3. Thereafter, the Parties engaged in a detailed investigation of the pay and time records for each of the Opt-Ins. In connection with this investigation, Representative Plaintiff, through counsel, engaged an economist to assist with the analysis and preparation of a damages model.

4. Following that analysis, the Parties engaged in good faith, arm's length, settlement negotiations. Those settlement negotiations culminated in the settlement agreement, attached hereto as **Exhibit 1**.

5. The settlement agreement provides for a permanent resolution of this dispute with prejudice in consideration of the following terms:

- Payment of $25,596.16 to the Opt-Ins. This amount represents alleged unpaid overtime the Opt-Ins would have been entitled to receive within the three-year statute of limitations and including liquidated damages.

- A service payment to Representative Plaintiff in the amount of $2,000 in recognition of Representative Plaintiff's efforts in representing the collective.

- Payment of $35,000 to Plaintiffs' counsel for attorneys' fees and costs incurred in connection with this litigation. At the time of settlement negotiations, Plaintiffs' counsel's contemporaneous time entries reflected a total of $25,558.00 in accrued fees. Additionally, Plaintiffs' counsel had incurred out of pocket expenses in the amount of $10,575.35 between the filing of the Complaint, issuance of the notice, and preparation of a damages model. The Parties represent and agree that these incurred fees and costs were reasonably incurred in the prosecution of this case.

(**Exhibit 1** at p. 1, ¶2).

6. The Parties respectfully represent to this Court their mutual agreement to the settlement agreement is fair and reasonable resolution of a *bona fide* dispute.

## I. Authority Supporting Judicial Approval of An FLSA Settlement

7. The Parties seek the Court's approval that the settlement is a fair and reasonable resolution of a *bona fide* dispute. The FLSA's provisions are mandatory and generally not subject to bargain, waiver, or modification by contract or settlement, except in two narrow exceptions. *Chime v. Fam. Life Counseling & Psychiatric Servs.*, No. 1:19CV2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020); *Pitty v. Conrad's Laserwash Co., Inc.*, No. 5:23-CV-02034-PAB, 2023 WL 7166917, at *1–2 (N.D. Ohio Oct. 31, 2023) The first exception, which is not applicable here, is for FLSA claims that the Secretary of Labor supervises under 29 U.S.C. § 216(c). *Id*. The second exception, applicable to this case, is when an employee brings a private action in federal district court under 29 U.S.C. § 216(b) and presents the district court with a proposed settlement for approval. *Id.*; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) (requiring Court or Department of Labor approval for FLSA settlements, even individual and non-collective claims, and explaining low standard for judicial review when parties are represented by counsel); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (FLSA provisions "are not subject to negotiation or bargaining between employer and employee" and may only be resolved under DOL supervision or where a court determines that the resolution "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions").

## II. The Court Should Approve The Parties' Settlement As Fair and Reasonable

8. In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Chime*, 2020 WL 6746511, at *3 (citing *Snook v. Valley OB-GYN Clinic, P.C.*, 2014 WL 7369904 at *2 (E.D. Mich. Dec. 29, 2014) (quoting *Lynn's Food Stores*, 679 F.2d at 1354); *see also Batista v. Tremont Enterprises*, 2019 WL 3306315 at *

3

1 (N.D. Ohio July 22, 2019); *Rotuna v. W. Customer Mgmt. Grp., LLC*, 2010 WL 2490989 at *5 (N.D. Ohio June 15, 2010)).

9. If a proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. "Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Chime*, 2020 WL 6746511, at *3 (citing *Snook,* 2014 WL 7369904 at *2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010))). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Services*, 2011 WL 2532922 at * 3 (S.D. Ohio June 24, 2011).

10. Here, all of the factors favor approving the settlement as proposed by the Parties.

11. First, there is no suggestion of fraud or collusion behind the settlement. The settlements in this case were the result of an arm's-length negotiation between the Parties through their counsel, who are well-versed in wage and hour law, after contested litigation.

12. Second, the complexity, expense, and likely duration of the litigation as well as the stage of the proceedings and amount of discovery completed weigh in favor of approving the settlement. Defendant agreed to stipulate to conditional certification and the Parties exchanged timekeeping and pay records and policies relevant to the substance of Plaintiff's allegation that she and the collective members were not compensated for time spent booting up their computers

each day. Based on the same, the Parties opted to explore resolution before expending significant time over the next nine to twelve months deposing Plaintiff and numerous opt-in Plaintiffs as well as Plaintiffs' former supervisors and Company corporate representatives in oral discovery through both a dispositive motion and a decertification motion. Settlement allows both Parties to divert funds from attorneys' fees anticipated to greatly accumulate if the litigation were to move forward. The value of settlement outweighs the mere possibility of future relief after protracted litigation.

13. Third, the Plaintiff's probability of success on the merits was not a foregone conclusion. The case was actively litigated by both Parties. Defendant planned to see the case through a dispositive motion and/or decertification motion after the close of discovery had the matter not resolved.

14. Fourth, the range of possible recovery supports approval of the settlement. The Parties believe the settlement amount fairly compensates Plaintiff and the Opt-Ins for alleged unpaid wages and an equal amount for liquidated damages based on the factual information available to the Parties as well an amount for Plaintiffs' attorneys' fees and costs. The settlement also accounts for the risk that Plaintiff may not successfully prove entitlement to her full alleged damages. If litigated to its conclusion the Court could find, given the Company's defenses and the factual record, that Plaintiff and the Opt-Ins were compensated for all hours worked and entitled to no damages at all or an amount of damages less than those negotiated here. Serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt.

15. Fifth, the Parties themselves deem their agreement fair and reasonable. As noted above, the settlement was negotiated at arm's-length by experienced wage-hour attorneys, as both Plaintiff and Defense counsel routinely handle employment cases, including those brought under

the FLSA. The Parties have entered into the settlement voluntarily and knowingly and they understand fully the meaning and effect of their actions.

16. The Parties request that the Court review their settlement agreement, attached hereto as **Exhibit 1**, and grant its approval for each as one that is a fair and reasonable resolution of this dispute.

WHEREFORE the Parties respectfully request that the Court enter an order:

A. Granting approval of the settlement reached by the Parties in this action as embodied in their Settlement Agreement, as fair and reasonable resolution of a *bona fide* dispute; and

B. Entering judgment dismissing this action with prejudice in accordance with the settlement agreement and pursuant to a stipulation to dismiss with prejudice to be filed by the Parties.

Respectfully Submitted on October 22, 2024.

| BARBARA PECK | MOEN INCORPORATED |
|---|---|
| */s/ Christopher J. Lalak (with consent)* | */s/ Christina Jaremus* |
| Christopher J. Lalak | Noah A. Finkel (*admitted pro hac vice*) |
| Lalak LLC | Christina Jaremus (*admitted pro hac vice*) |
| 1991 Crocker Road, Suite 600-748 | Seyfarth Shaw LLP |
| Westlake, OH 44145 | 233 South Wacker Drive, Suite 8000 |
| (440) 724-5236 | Chicago, IL 60606 |
| clalak@employmentlawohio.com | (312) 460-5000 |
| | nfinkel@seyfarth.com |
| | cjaremus@seyfarth.com |
| | |
| | Brian Kelly |
| | Frantz Ward LLP |
| | 200 Public Square, Suite 3000 |
| | Cleveland, OH 44114 |
| | (216) 515-1620 |
| | bkelly@frantzward.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 22, 2024, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Christina Jaremus*
Christina Jaremus